**State of Vermont**
**Superior Court—Environmental Division**

========================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

**In re Moretown Landfill Cell Three Reclassification**　　　　**Docket No. 37-3-13 Vtec**

Title: Motion for Declaratory Judgment

Filed: 4/2/2013

Filed By: Applicant-Appellant Moretown Landfill, Inc.

Response in Opposition filed 4/8/13 by Interested Persons Scott Baughman and Lisa Ransom

Response in Opposition filed 4/11/13 by Interested Person Martha Douglass

Response in Opposition filed 4/11/13 by the Vermont Agency of Natural Resources through the Vermont Attorney General

Reply filed 4/12/13 by Applicant-Appellant


___ Granted　　　　　　___ Denied　　　　　　_X_ Other


　　　　Applicant-Appellant Moretown Landfill, Inc. (Applicant) operates a solid waste facility located at 187 Palisades Park in Moretown, Vermont.  On March 14, 2013, the Vermont Agency of Natural Resources (ANR) denied recertification of the landfill for failure to control odor and landfill gas emissions and for the facility's contribution to violations of groundwater quality standards.  The decision allowed Applicant to continue operating its facility under its prior certification for 30 days; that is, until April 15, 2013.  Applicant appealed the denial to this Court on March 29, 2013.  Now before us is Applicant's motion requesting a declaratory judgment on the question of whether Applicant's prior certification may remain in effect during the pendency of its appeal, rather than expiring on April 15, 2013.

　　　　ANR filed a memorandum in opposition through the Vermont Attorney General.  Neighbors Scott Baughman and Lisa Ransom (Neighbors) filed a memorandum in opposition through their attorney James Dumont, Esq.  Moretown resident Martha Douglas, appearing pro se, filed a memorandum in opposition to Applicant's motion, and Ronald Doyle and Dianne Doyle filed short statements in opposition as well.  Applicant filed a reply.  Applicant is represented by Brian Dunkiel, Esq., Andrew Raubvogel, Esq., and Erik Nielsen, Esq.; Appellee Vermont Agency of Natural Resources is represented by Matthew Chapman, Esq., Gavin J. Boyles, Esq., and Nicholas F. Persampieri, Esq.; and Martha Douglas, Thomas Douglas, Dianne Doyle, Ronald Doyle, Christine F. Belanger, David Belanger, and Mark Fischer appear pro se as interested parties.

　　　　Applicant argues that the following provision of the Vermont Administrative Procedures Act (VAPA) controls this permit renewal situation:

> When a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license does not expire until the application has been finally determined by the agency, and, in case the application is denied or the terms of the new

> license limited, until the last day for seeking review of the agency order or a later
> date fixed by order of the reviewing court.

3 V.S.A. § 814(b). Parties do not dispute that the landfill activity is of a continuing nature, and nothing in the record indicates that the recertification application was untimely or insufficient for the purposes of allowing the DEC to consider *whether* to approve it (although some parties contend that the application is insufficient to *obtain* approval, a separate issue). Rather, Applicant reasons that its application has not "been finally determined by the agency" until this Court completes its *de novo* review; Applicant asserts that the landfill may therefore continue operating under its prior license throughout the pendency of the instant appeal. Moreover, Applicant claims that it has a constitutionally protected property interest in continuing operation under its prior permit throughout the pendency of this appeal.

ANR and Neighbors first contend that this permit renewal situation is governed not by the general provisions in VAPA, but by the more recent 10 V.S.A. § 8504, governing appeals to the Environmental Division. Specifically, they argue that Applicant has failed to show that it is entitled to a stay of ANR's decision under 10 V.S.A. § 8504(f)(2).[1] Further, they argue that to the extent that VAPA is relevant, ANR's decision denying recertification constitutes a final determination by the relevant agency, and that therefore the language of VAPA allows the landfill to operate under its prior permit only "until the last day for seeking review of the agency order or a later date fixed by" this Court in our discretion. Finally, they argue that Applicant has no constitutionally protected property interest in continued operation of its facility and that, even if it did, Applicant has been afforded ample due process and, in any case, that Applicant waived this argument by failing to request a hearing at any time during the nearly four years when its recertification application was pending.

## I.     3 V.S.A. § 814(b) does not entitle Applicant's prior certification to remain in effect during the pendency of its appeal.

Applicant's argument that 3 V.S.A. § 814(b) requires the landfill's previous license to remain in effect until this Court has completed its *de novo* review contravenes the statute's plain language. In § 814(b), the Legislature clearly distinguished between "the agency" and "the reviewing court," providing that when an agency denies an application, the existing license lasts "until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court." Moreover, VAPA contemplates the scenario in the instant case where "the <u>final decision of an agency</u> is expressly provided by law to be reviewable <u>in superior court</u>," (3 V.S.A. § 815(c) (emphasis added)); here, ANR's final determination is reviewable by the Superior Court's Environmental Division. We see no reason for deviating from the plain meaning of the statute simply because we review the instant appeal *de novo*.

In sum, as applied to this case, the phrase "finally determined by the agency" unambiguously refers to ANR's March 14, 2013 denial of Applicant's request for recertification.[2]

---

[1] "Upon petition by a party or upon its own motion for a stay of an act or decision, the environmental division shall perform the initial review of the request and may grant a stay. Any decision under this subsection to issue a stay shall be subject to appeal to the supreme court according to the Rules of Appellate Procedure." 10 V.S.A. § 8504(f)(2).

[2] In its reply brief, Applicant argues that this conclusion would contravene "precedent" set by the Water Resources Board in a footnote to a Prehearing Conference and Order in 2002. (Applicant's Reply Brief at

Thus, Applicant's prior certification does not remain in effect during the pendency of its appeal under 3 V.S.A. § 814(b). Rather, since the ANR denied the recertification, the existing license expires on the last day for seeking review of the agency order or a later date fixed by order of this Court.

3 V.S.A. § 814(b) grants this Court, in its discretion, the authority to fix an expiration date for a permit that ANR has declined to renew. The statute does not establish criteria under which a reviewing court may extend the expiration date of a permit, however, and we have found no case law establishing such standards.

Accordingly, we consider the equity of the matter before us. Here, Applicant has argued that it will suffer appreciable financial losses if this Court allows its permit to expire on April 15, within 30 days of ANR's denial of recertification. Applicant argues that the context of a landfill is somewhat unique in that closure involves not merely cessation of activity, but a series of steps to cap off the landfill that, if ANR's order were to be reversed on appeal, would have to be undone and redone at the final closure of the facility.[3] While we appreciate the harms alleged by Neighbors and the State attributable to Applicant's continued operation of Cell 3 of the facility, under the unique circumstances of this case, we extend, pursuant to 3 V.S.A. § 814(b), ANR's March 14, 2013 Order that "[t]he facility shall cease accepting waste on Monday, April 15, 2013" an additional 90 days, or until July 15, 2013. The remainder of ANR's March 14, 2013 Order remains unmodified.

## II.     **Alternatively, this Court may temporarily authorize continued operations in the interest of justice.**

ANR and Neighbors are correct that 10 V.S.A. § 8504(f) addresses the topic of stays in the context of appeals to the Environmental Division. First, 10 V.S.A. § 8504(f)(1) enumerates two circumstances where stays are automatic; those circumstances do not apply to the case before us. This Court has the ability to issue stays upon petition by a party or upon its own motion. 10 V.S.A. § 8504(f)(2). This Court's own rules of procedure regarding stays harmonize with the statute, providing that:

> Unless the act or decision appealed from is automatically stayed pursuant to 10 V.S.A. § 8504(f)(1) by the filing of the appeal . . . the court, after the notice of appeal has been filed may, on its own motion, or on motion of a party, stay the act or decision and make such other orders as are necessary to preserve the rights of the parties upon such terms and conditions as are just.

V.R.E.C.P. 5(e). The Reporter's Notes state that this Court will ordinarily make such a decision after notice and hearing, but that, for the purpose of preserving the rights of the parties on terms and conditions that are fair to all, this Court may "issue a temporary stay ex parte while determining whether to issue a permanent stay." See Reporter's Notes, V.R.E.C.P. 5(e). At this time, however, Applicant has not submitted evidence sufficient for this Court to issue a stay of ANR's final determination for the pendency of this appeal.

Based upon the foregoing, we **ORDER** that ANR's March 14, 2013 Order that "[t]he facility shall cease accepting waste on Monday, April 15, 2013" is extended an additional 90

---

2, filed Apr. 12, 2013.) We have reviewed this footnote; its interpretation of 3 V.S.A. § 814 remains unclear, and we do not find it binding.

[3] Applicant also challenges ANR's order on constitutional grounds; we address that claim below.

days, or until July 15, 2013.   The remainder of ANR's March 14, 2013 Order remains unmodified.  Further, pursuant to V.R.E.C.P. Rules 1 and 2, we **ORDER** the following.

1.  If Applicant wishes to move for a stay of ANR's March 14, 2013 Order, as modified by this Order, Applicant must file, if at all, on or before May 3, 2012.

2.  If Applicant so files, all parties shall file with the Court on or before May 10, 2013, in writing their dates of unavailability for the weeks of June 17 and June 24, 201 for a half day hearing on the motion.

3.  Lastly, if Applicant so files, all pleadings in reply to Applicant's motion shall be filed on or before May 31, 2013.

In light of our decision granting a temporary extension of ANR's March 14, 2013 Order that "[t]he facility shall cease accepting waste on Monday, April 15, 2013" an additional 90 days, we decline at this time to address the constitutional claims that Applicant raised in its filings.

_____          ___April 12, 2013_____
      Thomas G. Walsh, Judge                                    Date

=====================================================================
Date copies sent: _____                              Clerk's Initials _____
Copies sent to:
   Attorney Brian Dunkiel for Applicant-Appellant Moretown Landfill, Inc.
   Attorneys Andrew Raubvogel and Erik Nielsen, Co-Counsel for Applicant-Appellant
   Attorney Matthew Chapman for Appellee Vermont Agency of Natural Resources
   Attorneys Gavin J. Boyles and Nicholas F. Persampieri, Co-Counsel for Appellee
   Attorney James Allen Dumont for Interested Persons Scott Baughman and Lisa Ransom
   Interested Persons Martha Douglas, Thomas Douglas, Dianne Doyle, Ronald Doyle, Christine F. Belanger, David Belanger, and Mark Fischer.